THOMAS J. McCORMICK, Appellant, *v.* THE POTOMAC INSURANCE COMPANY OF THE DISTRICT OF COLUMBIA, WASHINGTON, D. C., Respondent.

Third Department, May 8, 1930.

*Loeffler & Laffin* [*Walter L. Collins* of counsel], for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondent.

PER CURIAM. Strictly, the car was not unattended when the plaintiff left it at the curb in front of his residence, thirty feet distant while he went to get his overcoat.

We construe the indorsement on the policy to mean that the policyholder will exercise due diligence and care in keeping the locking device in efficient condition on his car and in locking the same when the car is unattended as dictated by principles of common prudence and reason. (*Allgood* v. *Hartford Fire Ins. Co.*, 186 N. C. 415.)

Leaving the car unlocked under the circumstances disclosed here was not sufficient so that plaintiff became charged with the lack of diligence required by the policy. He was exercising the degree of care that reasonable men would expect and there was no consequent violation of the terms of the policy.

The judgment should be reversed on the law and the facts and judgment directed for the plaintiff on new findings in the amount of damages found by the referee.

DAVIS, HILL and HASBROUCK, JJ., concur; WHITMYER, J., dissents with an opinion in which HINMAN, Acting P. J., concurs.

WHITMYER, J. (dissenting). Plaintiff brought the action on an automobile policy to recover his loss resulting from the theft of an automobile which was covered thereby. Non-compliance with the provisions of the policy, in leaving the automobile unattended and unlocked at the time, was the defense. The policy was issued on April 26, 1925, on his Peerless automobile and, among other things, insured him against theft. It contained a so-called "Automobile Locking Device Endorsement," whereby, in consideration of a

reduction in premium, he warranted that it would be continuously equipped with a Peerless locking device and undertook to use " all diligence and care in maintaining the efficiency of said locking device in locking the automobile when leaving same unattended." A device efficiently maintained would not be effective in reducing the risk of theft, the purpose of the provision, if it was not locked. And it is clear that plaintiff understood that he was to exercise all diligence and care, both in maintaining the device and in locking it. He testified that he felt that some one might, ordinarily, step in and drive away with his automobile, when left alone, and that he did not intend to leave it that day, but expected to return immediately.

The automobile was stolen on November 28, 1925, at about seven p. m., during the life of the policy, while it was parked at the curb in front of his residence on a residential street in Albany, N. Y. A street light was about fifty feet away. He had taken a short ride with a dog, and returned for his sisters, who were going out with him. When he reached his house, he and the dog left the automobile. What became of the dog does not appear. An attempt to steal the automobile had been made a short time before. He left it unlocked, with the key in the lock, engine running and door open, and started for the house to call his sisters. The automobile was headed to the east, with the steering wheel away from the curb. A person, so minded, had only to step in and drive away. If he remembers correctly, the next door neighbor, living fifteen or twenty feet easterly, was walking on his porch. Plaintiff's house is about thirty feet from the curb. On the way, feeling chilly, he concluded to go in and get his overcoat. That was in the back hall, which was about fifty feet from the front door. A veranda, about eight feet wide, is in front of the house. He was obliged to walk up the steps of the veranda and to the front door, which was locked. He unlocked and opened the door and then walked through the front hall, the living room, the kitchen, and into the back hall, where his overcoat was. He said at first that he was away about two minutes, and then, not more than five minutes. When he returned to the front, the automobile had been taken, and he does not remember whether or not his neighbor was outside at that time.

According to Webster, the word " attend " is defined among other meanings, as meaning " to care for, to look after, to take charge of." After plaintiff entered his house to go to the rear, he could not see the automobile and could not care for it, look after it or take charge of it. He had left it unattended. In that situation, he had agreed to use " all diligence and care " in locking it. That means all reasonable diligence and care, namely, the diligence and care which

a man of ordinary prudence would exercise under the same or similar circumstances. (*Allgood* v. *Hartford Fire Ins. Co., supra; Billet* v. *Penn. Fire Ins. Co.*, 101 N. J. L. 546, 549; 9 C. J. 1288.) Whether or not he did was a question of fact. The referee found that he did not, and there is evidence to support his finding.

So that, the judgment should be affirmed.

HINMAN, Acting P. J., concurs.

Judgment reversed on the law and the facts, with costs, and judgment directed for the plaintiff, on new findings, in the amount of damages found by the referee, with costs.

Findings of fact numbers fourth, fifth, sixth, seventh, eighteenth, nineteenth and twenty-first, are reversed and the second, third and fourth conclusions of law are disapproved. This court finds in lieu thereof plaintiff's proposed findings numbers fifteenth, sixteenth, eighteenth, nineteenth, twentieth, twenty-fourth, twenty-ninth, and this court further finds as a conclusion of law that at the time the plaintiff's car was stolen he was exercising the due and reasonable degree of diligence that the terms of the policy imposed upon him.